# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
LAYNE F. BARNEY, BAR NO. 6563.

No. 75941

FILED

SEP 07 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Layne Barney. Under this agreement, Barney admitted to violating RPC 1.3 (diligence); RPC 1.4 (communication); RPC 1.15 (safekeeping property); and RPC 3.2 (expediting litigation). The agreement provides for a three-year suspension with all but one year stayed, compliance with certain terms during the three-year suspension, and payment of $2,500 in fees plus the actual costs of the disciplinary proceeding.

Barney admitted to the facts alleged in the complaint. The record therefore establishes that Barney misappropriated client funds, failed to diligently pursue his clients' claims, and failed to keep in communication with his clients regarding their cases. In determining the appropriate discipline for these violations, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

In this case, Barney knowingly violated duties owed to his clients and duties owed to the legal system. There was actual injury, and

SUPREME COURT
OF
NEVADA

(O) 1947A

18-35053

the potential for further injury, *to* the clients as Barney misappropriated their money for personal use[1] and otherwise failed to disperse funds to them in a timely fashion, and also failed to communicate with them regarding their cases. The legal system was also injured because Barney's failure to diligently prosecute his clients' cases caused them to linger on district court dockets for years. The panel found and the record supports three aggravating factors (pattern of misconduct, vulnerability of the victim, and substantial experience in the practice of law) and four mitigating factors (absence of prior disciplinary record, personal or emotional problems, timely good faith effort to make restitution, and imposition of other penalties or sanctions).

In consideration of the foregoing factors, we conclude that the agreed-upon three year suspension, with all but the first year stayed, is appropriate. The duration of the actual suspension along with the conditions imposed on the stayed suspension and reinstatement are sufficient to serve the purpose of attorney discipline—to protect the public, the courts, and the legal profession, not to punish the attorney. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). Thus, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1).

Accordingly, we hereby suspend attorney Layne Barney from the practice of law in Nevada for a period of three years, with all but the first year stayed, commencing from the date of this order. As a condition of the stay and a requirement for reinstatement, within 30 days of the date of this court's order, Barney shall facilitate with the district court the return of any and all property, including stocks and personal belongings, from the

---

[1]Barney has already repaid this money to the clients.

Linda Tye Trust to Robert Tye and Jeffrey Tye as allocated pursuant to the terms and conditions of that trust and shall facilitate the transfer of the trust's real property located on Twining Avenue to Jeffrey Tye with the district court.[2] To be reinstated Barney must also provide evidence of continued medical treatment for his mental conditions, including proof of continued use of prescribed medications. If reinstated, a reinstatement panel should consider recommendations for the continued monitoring of Barney's medical treatment during the stayed portion of his suspension. Barney shall also pay the actual costs of the disciplinary proceeding, including $2,500 under SCR 120(3), within 30 days of the date of this court's order, if he has not already done so. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

---

[2] While Barney filed a petition seeking guidance from the district court on distributing trust assets, it does not appear that the district court has yet resolved the petition.

cc: Law Offices of Layne F. Barney, P.C.
Chair, Southern Nevada Disciplinary Board
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimber K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court